■ CLEO REALTY ASSOCIATES, L.P., Appellant, v UPTOWN BIRDS, LLC, et al., Respondents. [23 NYS3d 181]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered July 28, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment as to the breach of guaranty, unjust enrichment, and declaratory judgment causes of action, and denied the motion as to the successor liability, fraudulent conveyance, and piercing the corporate veil causes of action as against the individual defendants, and denied plaintiff's cross motion for partial summary judgment on the breach of guaranty cause of action, unanimously modified, on the law, to deny defendants' motion as to the cause of action for unjust enrichment against defendants Kopulos and Fauna LLC in connection with the alleged dissipation of defendant Uptown Birds, LLC's assets, and to grant the motion as to the causes of action for successor liability, fraudulent conveyance and piercing the corporate veil as against the individual defendants, and otherwise affirmed, without costs.

The court correctly found that defendant Andreas satisfied all the relevant conditions for the revocation of her obligations under the lease guaranty, including the condition under the guaranty that she execute and deliver a written surrender agreement in a form and substance reasonably satisfactory to plaintiff landlord, merely by agreeing to accept the changes plaintiff demanded that she make to the surrender agreement she had submitted to plaintiff, and without obtaining plaintiff's execution of the agreement.

The court erred in dismissing the unjust enrichment cause of action as against Kopulos and Fauna as duplicative of the contract cause of action. The alleged dissipation of Uptown Birds's assets and the opening of the new pet store are not "events arising out of the same subject matter" as that governed by the lease or the guaranty (see generally Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]).

The cause of action for piercing the corporate veil of Uptown Birds to hold the individual defendants liable should be dismissed since the evidence relied on by plaintiff, including evidence of the personal use of corporate funds, is insufficient

to raise an issue of fact as to whether the individual defendants abused the corporate form to perpetuate a wrong that warrants equitable intervention. The fraudulent conveyance cause of action insofar as it is pleaded against the individual defendants should also be dismissed, because although an individual may be liable for a fraudulent conveyance without piercing the corporate veil if it is proved that he or she participated in and benefitted from the fraudulent conveyance (*see D'Mel & Assoc. v Athco, Inc.*, 105 AD3d 451, 452 [1st Dept 2013]), here, plaintiff did not meet its burden on summary judgment to show that the individual defendants personally benefitted from the conveyances. The first cause of action for successor liability should also be dismissed as against the individuals because even if plaintiff proves its allegations that Fauna was created to escape Uptown Birds's obligations to plaintiff, and is the successor to, and alter ego of, Uptown Birds, that does not create liability against the individual defendants, one of whom was not even a member of the alleged successor entity. Moreover, plaintiff fails to cite any authority to support the proposition that the doctrine of successor liability may be applied against a natural person, when the doctrine developed as "an exception to the general rule that, when one corporate or other juridical person sells assets to another entity, the assets are transferred free and clear of all but valid liens and security interests" (George W. Kuney, *Successor Liability in New York*, 79 NY St BJ 22, 22 [Sept. 2007]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Acosta, J.P., Saxe, Richter, Gische and Kapnick, JJ.